UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MYLES DEANTE CLAY HARRIS,

                     Plaintiff,

v.

WESTCHESTER COUNTY DEPARTMENT
OF CORRECTIONS, *et al.*,

                     Defendants.

No. 17-CV-839 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, District Judge:

Myles Deante Clay Harris ("Plaintiff") initiated this Action by filing a Complaint on February 2, 2017. (Dkt. No. 1.) Defendants Answered on June 29, 2017. (*See* Ans. (Dkt. No. 13).) Following motion practice, the Court partially granted and partially denied Defendants' Motion for Summary Judgment on October 15, 2019. (*See* Op. & Order ("Op.") (Dkt. No. 70).) In that Opinion, the Court scheduled a status conference for November 7, 2019, (*id.* at 34), which was later rescheduled for December 3, 2019, (Dkt. No. 72). On December 3, 2019, the Court was informed by defense counsel that Plaintiff had been transferred to a different facility than the one recorded as his address on the docket, Mid-State Correctional Facility ("Mid-State"). Despite calling the number provided multiple times, the Court was unable to reach Plaintiff at the time of the conference. Nor has Plaintiff updated his address on the record or further communicated with the Court.

On December 4, 2019, the Court issued an Order to Show Cause giving Plaintiff 30 days to show why the Court should not dismiss the Action. (*See* Order to Show Cause (Dkt. No. 73).) The Order to Show Cause was mailed to the address on record. (*See* Dkt. (entry for Dec. 5, 2019).) Plaintiff has not responded. At the beginning of this Action, Plaintiff was instructed to

notify the Court of any address changes or risk dismissal of his case. (*See* Order of Service 3 (Dkt. No. 6).)

This Court has the authority to dismiss a case for failure to prosecute. See Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16,

2

2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff commenced this Action on February 2, 2017, nearly three years ago. (*See* Dkt. No. 1.) Plaintiff was advised of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case. (*See* Order of Service 3.) Plaintiff's last substantive communication with the Court regarding his case was his Opposition to Defendants' Motion for Summary Judgment, which was filed on November 13, 2018, well over a year ago. (*See* Pl.'s Mem. of Law in Opp'n to Mot. for Summ. J. (Dkt. No. 63).) Plaintiff has not communicated with the Court regarding this Action at all since April 4, 2019, which was a notice of change of address. (*See* Dkt. No. 68.) Despite being scheduled for a status conference on December 3, 2019, Plaintiff did not appear or give notice to the Court regarding why he could not appear. Defendants and the Court were unable to reach him at either his previous number or the number that defense counsel provided to the Court. The Court's Order to Show Cause, mailed to Plaintiff on December 5, 2019, indicated that Plaintiff's failure to show cause within 30 days would result in the Court dismissing the case with prejudice without further notice. (*See* Order to Show Cause.) That Order was mailed to the address on record, but Plaintiff never responded.

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See, e.g., Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to

3

contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice.").

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: January 13, 2020
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE